UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| KALISPEL TRIBE OF INDIANS, and SPOKANE COUNTY, | |
|---|---|
| Plaintiffs, | No. 2:17-cv-00138-WFN |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | **PROTECTIVE ORDER** |
| Defendants, | |
| SPOKANE TRIBE OF INDIANS, | |
| Intervenor-Defendant | |

Plaintiff Kalispel Tribe of Indians ("Kalispel") and Intervenor-Defendant Spokane Tribe of Indians' ("Spokane," and together with Kalispel, the "Tribes") Unopposed Joint Motion for Entry of Stipulated Protective Order, filed March 16, 2018, **ECF No. 53**, is **GRANTED**. Pursuant to the parties' request, it is further **ORDERED:**

1. **Scope of Order.** This Order shall govern the treatment by the Tribes of Confidential Business Information, as defined herein. For purposes of this Order, "Confidential Business Information" includes (a) any non-public information

PROTECTIVE ORDER - 1

contained in any document identified in the Index to the Administrative Record filed in this action as having been withheld or redacted based on the confidential business information privilege and (b) any other information exchanged between Kalispel and Spokane for purposes of this matter, or provided to them by the Federal Defendants at their request, that constitutes or discloses non-public financial or business information of the Tribes or tribally-owned enterprises, including but not limited to: revenues, expenses, or debt of tribal governments; revenues, expenses, or debt of tribal casinos; revenues, expenses, or debt of hotels, restaurants, and other tribal enterprises related to casino operations; casino customer information; tribal capital investments; market-saturation analyses; or summaries, charts or calculations, estimates, opinions, projections, or analyses of such information for individual tribes or casinos or multiple tribes and casinos.

All Confidential Business Information shall be used solely for purposes of this action and for no other purposes and shall not be disclosed, used, or relied upon in any other context.

2. **Designating Confidential Business Information.** The Tribes, through counsel, shall designate documents or other material exchanged between them, or a portion thereof, as Confidential Business Information by affixing a legend to the

PROTECTIVE ORDER - 2

cover and all pages of such document or other material, or the parts thereof that are intended to be designated Confidential Business Information. The legend shall be a stamp or similar insignia stating "Confidential." Any person making, or causing to be made, copies of any such documents or other material shall make certain that each such copy bears the appropriate legend. Unless and until otherwise ordered by this Court, or otherwise agreed by the Tribes in writing, all documents or other material designated as Confidential Business Information shall be treated as such under this Order. The designation of any document or other material as constituting or containing Confidential Business Information is intended solely to facilitate the litigation of this action, and such designation shall not be construed as an admission or agreement by the designating party that such document or other material constitutes or contains any Confidential Business Information as a matter of law.

  3. **Limitations on Disclosure of Confidential Business Information.** Subject to the provisions of section 4, each Tribe may disclose Confidential Business Information regarding the other Tribe only to this Court and to:

    (a) attorneys of record for Kalispel and Spokane in this action and the other attorneys, paralegals, legal assistants, or secretarial or clerical employees employed by the attorneys of record who reasonably need to

PROTECTIVE ORDER - 3

receive such Confidential Business Information for purposes of litigating this action;

  (b) independent consultants or experts retained by Kalispel or Spokane for this action, provided that no such independent consultant or expert retained for this action and permitted to review Confidential Business Information pursuant to this paragraph shall be an employee of the party receiving the Confidential Business Information;

  (c) outside vendors retained by Kalispel or Spokane to provide support services for this action, such as translation, copying, scanning, imaging, processing, or coding of documents or preparation of demonstrative exhibits;

  (d) attorneys of record for the Federal Defendants in this action; and

  (e) any other person upon such terms and conditions as the Tribes may agree in writing.

A party receiving Confidential Business Information may disclose the Confidential Business Information to a person listed above only after that person has been shown a copy of this Order and has agreed to be bound by the terms of this Order by signing the form attached as Exhibit A hereto. Notwithstanding the provisions of this section, Kalispel or Spokane may disclose its own Confidential

PROTECTIVE ORDER - 4

Business Information to any person it deems appropriate with or without conditions to the disclosure.

4. **Use of Confidential Business Information.** Counsel for the Tribes may refer to Confidential Business Information obtained from one another in their briefs or other papers filed in this matter and may attach documents or excerpts of documents containing Confidential Business Information to such briefs or papers. The Tribes shall take necessary steps to protect such Confidential Business Information from public disclosure, including seeking leave to file such Confidential Business Information under seal when appropriate and in compliance with governing legal standards and rules. This Order does not itself authorize the filing of any document under seal.

If either Kalispel or Spokane intends to reveal Confidential Business Information of the other during a hearing or other court appearance that is open to the public, the party intending to reveal such Confidential Business Information shall provide 5 business days' notice and opportunity to object, unless consent from the party that designated the Confidential Business Information is previously obtained. Kalispel and Spokane further agree, if requested, to join the party that designated the Confidential Business Information in seeking an order from the Court restricting attendance solely to employees of the Court, those persons or

PROTECTIVE ORDER - 5

entities listed in section 3 above, and counsel of record for the Federal Defendants and Spokane County.

Nothing in this Order precludes challenges by other parties to the submission of documents to the Court on the ground that they are not properly part of the Administrative Record. Nothing in this Order shall preclude the use by the Federal Defendants of information in the Administrative Record presently redacted as Confidential Business Information as necessary to defend against claims by the Kalispel Tribe, provided that such information is submitted to the Court under seal in unredacted form.

5. **Inadvertent Production of Confidential Business Information.** Inadvertent production of any document or other material without marking it as Confidential shall not be deemed a waiver of any claim for protection under this Order, provided that the party who believes the document or other material is Confidential provides written notice, accompanied by copies of the designated documents or other material bearing the appropriate legend, to the other party. The party receiving such notice shall return to the designating party all undesignated copies in its custody or possession or shall affix the appropriate legend to all copies of the designated documents or other material in its custody or possession. Upon notice of designation pursuant to this section, the party receiving notice shall (a)

PROTECTIVE ORDER - 6

make no further disclosure of such designated documents or other material, or any information contained therein or derived therefrom, except as allowed under this Order; and (b) take reasonable steps to notify any persons known to have possession of such designated document or other material, or information contained therein or derived therefrom, of the effect of such designation under this Order and, if the person is not authorized to receive Confidential Business Information, direct the person to return or destroy the Confidential Business Information. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this section.

  6. **Challenging a Designation of Confidential Business Information.** In the event that Kalispel or Spokane receives documents or other material designated Confidential Business Information but disagrees with that designation, the party receiving the designated documents or other material shall send a written notice to the party that designated the Confidential Business Information within five business days. The Tribes shall make all reasonable efforts to resolve any such dispute, failing which they shall submit the documents or other material to the Court in camera for a determination whether the documents or other material constitute Confidential Business Information. Kalispel and Spokane shall treat all information

1 designated as Confidential Business Information according to the terms of this
2 Order unless and until this Court determines that it is not Confidential Business
3 Information under the terms of this Order.

4       7. **Responding to Subpoenas in Unrelated Legal Proceedings.** In the
5 event any counsel having possession of Confidential Business Information receives
6 a subpoena, or other formal legal process or order, to produce the Confidential
7 Business Information in another, unrelated legal proceeding, the receiving counsel
8 will (a) notify counsel for the party that produced the Confidential Business
9 Information; (b) furnish counsel for the party that produced the Confidential
10 Business Information with a copy of the subpoena, or other process or order; and
11 (c) cooperate with the reasonable efforts of the party that produced the Confidential
12 Business Information to protect the Confidential Business Information.  The party
13 asserting that the information is Confidential Business Information shall have the
14 burden of defending against the subpoena, or other process or order; however, the
15 receiving party, or counsel, will take reasonable steps to file or produce the
16 designated document or other material "under seal," or in a similar fashion, so that
17 the Confidential Business Information is not made available to other third parties or
18 the public. Nothing herein shall be construed as requiring Kalispel or Spokane to
19 contest a subpoena or other process, to appeal any order requiring production of

PROTECTIVE ORDER - 8

Confidential Business Information covered by this Order, or to subject itself to penalties for non-compliance with any legal process or order.

8. **Confidential Information Upon Termination of This Action.** The termination of this action and any related appeals does not relieve the Tribes from the obligation to maintain the confidentiality of all documents or other material produced and designated pursuant to this Order unless a court orders or permits otherwise. Within thirty (30) days of the final disposition of this action and any related appeal, counsel of record for the Tribes shall destroy or return materials (whether in physical or electronic form) containing Confidential Business Information and all copies thereof, except that counsel of record for each party may retain one copy of each brief, pleading, motion, or other paper filed in the action (including attachments), for record purposes only. Counsel of record for each party is responsible for notifying that party's experts or consultants who may have received Confidential Business Information and directing the expert or consultant to destroy or return the Confidential Business Information in accordance with this section.

9. **Federal Liability.** The Tribes agree that with regard to any Confidential Business Information produced at their request by the Federal Defendants to the Tribes, there shall be no recourse against the Federal Defendants pursuant to 18

U.S.C. § 1905. Each of the Tribes shall hold the Federal Defendants harmless for any inadvertent disclosure or misuse by the other Tribe of the Confidential Business Information produced to the Tribes at their request.

**DATED** this 20th day of March, 2018.

03-19-18

                                     s/ Wm. Fremming Nielsen
                                     WM. FREMMING NIELSEN
                         SENIOR UNITED STATES DISTRICT JUDGE

## **Exhibit A**

I, _____, state under penalty of perjury that I have read the Protective Order dated _____, 2018, in *Kalispel Tribe of Indians v. United States Department of the Interior*, No. 2:17-cv-0138-WFN, and that I understand that Confidential Business Information is being provided to me pursuant to the terms of that Protective Order. I agree to be bound by that Protective Order and to submit myself to the jurisdiction of the United States District Court for the Eastern District of Washington for all matters relating to the terms and enforcement of the Protective Order.

_____  _____
Signature                                                            Date